Wilson, J.
This was a suit under the forcible entry and detainer act, begun before a justice of the peace. The object was to recover possession of certain real property, which it was claimed that the defendant held under lease from plaintiff, and was holding over after forfeiture for nonpayment of rent. The defendant filed no answer, and the justice rendered judgment against him that the plaintiff have restitution of the property, and recover from defendant the sum of 114.00 as rent due on the premises, and the costs of suit. Defendant appealed to the county court, and after the record *386 was lodged therein, plaintiff appeared in the county court, and moved the court to affirm the judgment of the justice court, on the ground that defendant had failed to perfect his appeal by depositing the amount of rent found due and specified in the judgment of the justice, and to deposit in the appellate court, when the same became due, tw,o months’ rental, which had become due during the pendency of the action in the appellate court and after the attempted appeal. This motion was denied by the court, and such denial is assigned as error.
Section 17 of the forcible entry and detainer act, adopted in 1885, provides for appeals in actions of this character, and directs the nature of appeal bond which shall be filed. Laws of 1885, p. 229; Mills’ Ann. Stats, sec. 1987. The succeeding section provides that in addition to giving the undertaking required by the preceding section, if the defendant be appellant, he shall deposit with the justice the amount of rent found due and specified in the judgment of the justice, and that if he fail to do so, the appeal shall be deemed and taken as not being perfected, and proceedings as upon such judgment shall thereupon be had accordingly. Under this provision it is clear that this deposit of the amount specified in the judgment as being due should be made with the justice, and, if there is a failure to do this, it would seem to be the duty of the justice not to allow the appeal, and to proceed to the execution of his judgment. In this case, therefore, if there was a failure to make the deposit as alleged, and the justice erroneously allowed the appeal, it would appear that the proper remedy of the plaintiff in the appellate court was to move to dismiss the appeal. The county court would have no authority for such reason to enter up its judgment affirming the judgment of the justice court. This same section further on provides that when the suit is pending in the appellate court, if the defendant shall fail to make any deposit in that court of rent falling due at the time or times specified in the judgment of the justice, and after the rendition of such judgment, then, upon motion of *387 the appellee, it is made the duty of the court to affirm the judgment appealed from, with costs. This could not be done, however, by the court in this instance, because the judgment of the justice was defective. He did not find nor recite in his docket entry of proceedings, as he should have done, and as is required by section 14 of the act, the terms and conditions of the agreement between the parties in relation to the amount and time of payment of rent. There was nothing, therefore, before the county court upon which it could base a judgment affirming the judgment of the justice court. It could not know what amount nor at what time, pending the appeal, rent would become due.
It is claimed, however, that the motion having called attention to the fact that the appeal had never been perfected in accordance with the requirements of the statute by the failure of the defendant to deposit in court the amount of the. judgment rendered against him by the justice, the county court was wholly without jurisdiction, — that it was its duty sua sponte regardless of plaintiff’s motion, its form or phraseology, to have dismissed the appeal, and that all subsequent proceedings and orders therein were void. The statute is express and positive in declaring that in actions of this character, no appeal from the justice can be perfected without the defendant first depositing with him the amount of the judgment which has been rendered against him. There is not any doubt or equivocation about the language. The deposit is expressly made a condition precedent to appeal, and without this, there can be no appeal. As was said by this court in Getty v. Miller, 10 Colo. App. 334, which was also a case arising under the forcible entry and detainer act, “ The appellate court has no jurisdiction of the case unless it receives it in the manner provided by the statute; and if the appeal is not in conformity with the law, any order which the court may make in relation to it is void, except an order dismissing the appeal.” We adhere to this opinion, and must therefore declare that in the case at bar there was never an appeal taken to the county court, and that it was without jurisdiction. *388 The court being wholly without jurisdiction, it was its duty to dismiss the appeal as soon as the fact which ousted its jurisdiction came to its knowledge, and this court has said in the case which we have just cited, “ It is immaterial in what manner its want of jurisdiction came to its knowledge.” The motion which the plaintiff made for affirmance of the judgment brought to the knowledge of the court the fact that the amount of the judgment of the justice had not been deposited, and it was the duty of the court thereupon to have treated such motion as a motion to dismiss, and have acted accordingly. The fact that the deposit had not been made was not disputed, and in fact, was admitted by the defendant, subsequent to the denial of the motion for affirmance, making a deposit in the county court to cover the judgment of the justice. This deposit the court had no right to receive. It should have been made with the justice in the first instance, and failing this, no appeal was ever perfected.
For this reason the judgment must be reversed, with instructions to the county court to dismiss the appeal.

Reversed.