No. 14,777.

MONTE INVESTMENT COMPANY *v.* DERBY.

(103 P. [2d] 1065)

Decided June 10, 1940.   Rehearing denied July 1, 1940.

Mr. SOLOMON GIRSH, for plaintiff in error.

Mr. W. PENN COLLINS, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

AN unlawful detention action before a justice of the peace, on a complaint charging that "defendant entered into possession of the * * * premises without right or title." Plaintiff had judgment for possession of the property involved and for costs.

Defendant, attempting to appeal to the county court, filed a bond conditioned that she would "prosecute her appeal with effect, and * * * pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal." Plaintiff, proceeding timely, moved to dismiss the appeal because defendant had "failed to comply with section 6388 of the 1921 Compiled Laws ['35 C.S.A., chapter 70, section 23] in that the additional bond for the use and occupation of the premises referred to therein has not been filed," a premise not controverted. Defendant filed in the county court a "motion for judgment on the pleadings." The court, ruling on both motions, dismissed the action "without prejudice."

██ We think the court erred. Plaintiff's motion to dismiss the appeal, the record considered, should have been granted. Indeed, "if the appeal is not in conformity with the law, any order which the court may make in relation to it is void, except an order dismissing the appeal." *Getty v. Miller,* 10 Colo. App. 331, 51 Pac. 166. See, also, *Reardon v. Barr,* 13 Colo. App. 385, 59 Pac. 216; *Erbaugh v. Fields,* 77 Colo. 254, 235 Pac. 568; *Lamon v. Zamp,* 82 Colo. 294, 259 Pac. 1041; *Smith v. Schreiber,* 93 Colo. 497, 27 P. (2d) 491.

██ Defendant's claim that the action was brought under '35 C.S.A., chapter 70, section 4, subdivision fourth, a provision having to do with landlords and tenants and defaulted rentals, is patently untenable. Her contentions that there was no formal complaint filed in the justice court and no evidence given there, are contrary to the transcript of the record of that court. The sum of the situation is that defendant, suffering adverse judgment before the justice, possibly an erroneous judgment, failed to take the required steps to perfect an appeal to the county court. In such circumstances that court was powerless to entertain the appeal. *Erbaugh v. Fields, supra.*

Let the judgment be reversed, the trial court to enter an order sustaining plaintiff's motion to dismiss the appeal.

MR. JUSTICE YOUNG and MR. JUSTICE KNOUS concur.