Thomson, P. J.,
delivered the opinion of the court.
This action was commenced by the appellee against the appellant before a justice of the peace to recover the possession of certain premises which the defendant, as alleged, unlawfully withheld from her. The justice rendered judgment in her favor for the possession of the property, and damages for its detention.' The defendant then undertook to appeal from the judgment to the county court, by filing with the justice a bond conditioned for the due prosecution of the appeal, the payment of costs accrued and to accrue, as well as all damages the plaintiff had sustained or might sustain in consequence of the wrongful detention, and the payment of whatever judgment might be rendered by the appellate court on dismissal or trial. In the county court the plaintiff moved to dismiss the appeal for the reason that the bond given was not a compliance with the statute, and did ‘not entitle the defendant to an appeal. The court overruled the motion, without prejudice to its renewal, if the defendant should fail within six days to file an additional undertaking, in a penal sum fixed by the court, conditioned according to law, with sufficient sureties, to be approved by the judge of the court. Within the time named the bond was filed and approved by the judge. Afterwards upon the production of a writ of certiorari, issued out of the district court, and a judgment of that court ordering a dismissal of the appeal, the county court revoked its former order, and entered judgment dismissing the appeal.
The contention in behalf of the plaintiff is that the bond upon which the appeal was taken, did not confer jurisdiction of the cause on the county court, that therefore its order permitting the filing of an additional bond was void, and that its final order dismissing the appeal was the only one it was authorized by law to make in the case. For the defendant it is not disputed that the appeal was invalid. His counsel declines to discuss the question of its validity. His sole ground for a reversal is that the district court had no ju *333 risdiction by certiorari to direct a modification of the first order of the county court, and that, therefore, its proceedings were void; and he argues that the judgment of the district court being of no effect, the county court should have disregarded it; that the order of the county court dismissing the appeal, having been made in obedience to a void judgment of the district court, was erroneous; and a reversal of that order will leave the first order, by which the appeal was entertained, in force, and entitle the defendant to a trial of his case in the court to which it was appealed. Although counsel for the defendant makes no argument upon the question raised on the other side relating to the authority with which the county court was invested by the attempted appeal, that question must be disposed of before any other can be considered; and to enable us to reach a satisfactory conclusion upon it, the condition of the law by which appeals in such cases are governed must be inquired into.
By section 17 of an act approved April 10,1885, concerning forcible entry and detainer, an appeal bond to be given by an appealing defendant is provided for. The bond which the defendant first gave is in substantial conformity with the requirements of that section. Section 22 of the same statute provides, inter alia, that in cases of appeal from judgments upon causes of action embraced in subdivision 4 of section 3, the deposit of rent money-during the pendency of the appeal shall be made, or judgment of affirmance must be entered. Session Laws, 1885, pp. 229, 230. Subdivision 4 of section 3 relates only to cases of forfeiture by tenants for nonpayment of rent. Session Laws, 1885, p. 224. This is not a case of that kind, and section 22 would be unimportant, and would pass unnoticed, were it not that it was subsequently amended, and mention of it is necessary as introductory to the amendment. By an act approved April 13, 1891, that section was amended so as to read as follows:
( “* * * And in the cases of appeal, from judgments founded upon causes of action embraced in subdivision four *334 of section 3 of this act, the deposit of rent money during pend-ency of appeal shall he made, or judgment of affirmance shall be entered in the manner provided in section eighteen of this act; in all other cases where judgment is rendered for the possession of the premises the party appealing from such judgment, whether in justice courts or courts of record, shall in addition to the undertaking hereinbefore mentioned, make and file an additional undertaking, with sufficient sureties to be approved by the justice or court, in such sum as may be fixed by such justice or court, conditioned for the payment to the plaintiff of all sums that may be awarded to the plaintiff for the use and occupation of the premises pending such appeal, either in said action, or in any other action thereafter instituted by the plaintiff against said defendant, during the pendency of said appeal.” Session Laws, 1891, p. 228.
The bond required by the foregoing amendment was not filed with the justice ; and it was never filed, except after-wards in the county court in pursuance of permission given by that court. Now it seems clear to us that the intention of the statute is that the giving of this bond or undertaking is a condition precedent to the appeal. By the statute concerning forcible entry and detainer, suits arising under it may be brought originally either before justices of the peace or in courts of record; and the act we are considering provides that the justice or court rendering the judgment shall fix the penalty of the undertaking, and shall also approve the undertaking, and it must be filed with that justice, or in that court. No authority is given to the appellate court to approve it, or fix the sum in which it shall be given, or permit its filing. It is given to secure an appeal, and in order that there may be an appeal, the method which the statute prescribes must be followed. The appellate court has no jurisdiction of the case unless it receives it in the manner provided by the statute, and if the appeal is not in conformity with the law, any order which the court may make in relation to it is void, except an order dismissing the appeal.
*335 The plaintiff appeared specially in the county court for the purpose of moving to dismiss the appeal. The court in overruling her motion exceeded its jurisdiction; and when, upon afterwards ascertaining that such was the case, it dismissed the appeal, it did only what it ought to have done at first. Not having done this, it was its duty to do so as soon as it became aware of its error. And it is immaterial in what manner its want of jurisdiction came to its knowledge, whether by a discovery which it made for itself, or by arguments of counsel, or by means of a proceeding in certiorari, valid or void.
From what we have said it will be readily seen that we do not regard the proceeding in certiorari as of any importance. The only question which this appeal presents, or could possibly present, is not affected by it. We cannot review it, because it is not before us for such purpose. We may say however that if the district court had authority of law to render a decision in the proceeding, that decision was binding on the county court; but if on the other hand it was unwarranted, as being outside of the powers of the district court, still as it called the attention of the county court to its own want of jurisdiction, the latter court only did its duty in acting instantly on the information received. Whatever may be the merits of the defendant’s contention concerning the regularity of the proceedings of the district court, the dismissal of the appeal by the county court was right, and its judgment must be affirmed.

Affirmed.