No. 11,193.

ERBAUGH v. FIELDS.

Decided April 6, 1925.   Rehearing denied May 4, 1925.

Action under the forcible entry and detainer act.   Appeal from justice to county court dismissed.

*Affirmed.*

*On Application for Supersedeas.*

1.   APPEALS—*Statutory Provisions.*   Appeals are creatures of statute and appellate courts have no power but to dismiss, if the appeal is not perfected in strict compliance with statutory provisions.

2.   FORCIBLE ENTRY AND DETAINER—*Appeal—Bond.*   An appeal from justice court in an action in forcible entry and detainer cannot be perfected in the county court without filing the additional bond required by section 6388, C. L. 1921.

*Error to the County Court of the City and County of Denver, Hon. George W. Dunn, Judge.*

Mr. CHARLES OSCAR ERBAUGH, Mr. C. A. PRENTICE, Mr. T. E. McINTYRE, for plaintiff in error.

Mr. EDWIN J. WITTELSHOFER, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS was an action under the forcible entry and detainer statute, before a justice of the peace. The defendant in error, plaintiff below, was the purchaser of the property at a sale by the public trustee, after which she

gave notice to the plaintiff in error, in pursuance of sub-division 6 of section 6369, C. L. 1921, demanding posses-sion of the premises. The justice rendered judgment for possession and costs of suit. The plaintiff in error, de-fendant below, then attempted to appeal to the county court, by filing in the justice court an appeal bond, con-ditioned for the due prosecution of the appeal, the pay-ment of all costs which have accrued or may thereafter accrue, and all damages which the plaintiff may have sus-tained or may thereafter sustain in consequence of the wrongful detention of the premises during the pendency of the appeal, and the payment of whatever judgment may be rendered by the appellate court upon trial or dismissal. The plaintiff moved to dismiss the appeal, on the ground that the bond given was not in compliance with the statute, and that the court was without jurisdiction to try the ap-peal. The court sustained the motion, dismissed the ap-peal, and ordered the issuance of a procedendo to the jus-tice court. The defendant has sued out a writ of error to review that judgment, and moves for a supersedeas.

We have held that appeals are creatures of statute, and a party desiring to avail himself of the right must comply with its terms, and unless he does so, and the appeal is perfected in strict compliance therewith, the appellate court has no power to make any order other than the order of dismissal. *Horn v. Martin,* 38 Colo. 365, 87 Pac. 1073; *Adams v. Decker,* 50 Colo. 236, 114 Pac. 654.

No objection was made by defendant in error that the appeal bond filed with the justice of the peace did not com-ply with the requirements of section 6383, C. L. 1921, but she did object that no additional bond was filed, as re-quired by section 6388, C. L. 1921.

Section 17 (Section 6383, C. L. 1921) of the forcible entry and detainer act, approved April 10, 1885, provides for an appeal from the judgment of the justice of the peace to the county court. Section 22 of that act (now part of section 6388 C. L. 1921), provides for appeals to the Supreme Court from courts of record, and then pro-

vides that in cases for nonpayment of rent before justices of the peace, the rent money shall be deposited in court pending the appeal, and on failure so to do, that judgment of affirmance shall be entered in the manner provided for in section 18 of the act.

Section 22 of that act was amended, by an act approved April 13, 1891, by adding thereto the following: " \* \* \* in all other cases whe're judgment is rendered for the possession of the premises the party appealing from such judgment, whether in justice courts or courts of record, shall, in addition to the undertaking hereinbefore mentioned, make and file an additional undertaking with sufficient sureties to be approved by the justice or court in such sum as may be fixed by such justice or court conditioned for the payment to the plaintiff of all sums that may be awarded to the plaintiff for the use and occupation of the premises, pending such appeal, either in said action or in any other action thereafter instituted by the plaintiff against said defendant, during the pendency of said appeal."

The language of section 22 as amended (now section 6388, C. L. 1921) is clear and specific. It provides that *in all other cases* where judgment is rendered for possession, the party appealing shall, *in addition* to the undertaking thereinbefore mentioned, file *an additional* undertaking. The amended statute added a new condition to the right of appeal. The appeal could not be perfected without the filing of the additional bond, without which the county court had no jurisdiction, except to enter an order dismissing the appeal. *Getty v. Miller,* 10 Colo. App. 331, 51 Pac. 166; *Reardon v. Barr,* 13 Colo. App. 385, 59 Pac. 216.

The county court committed no error in dismissing the appeal, and the supersedeas is therefore denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.