No. 13,360.

Smith et al. *v.* Schreiber.

(27 P. [2d] 491)

Decided October 23, 1933. Rehearing denied December 4, 1933.

Mr. Granby Hillyer, for plaintiffs in error.

Mr. William Dillon, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties appeared in reverse order in the trial court. They are hereinafter designated by name.

Schreiber sued John Smith in the county court to recover possession of real estate. Emma Smith, alleging that she owned the fee and was entitled to possession, moved to be made a party, and John Smith disclaimed. Emma Smith's motion was granted, trial was to the court and Schrieber had judgment. The Smiths appealed to the district court, giving an appeal bond in the sum of $500 as ordered. Schreiber, on the theory that the action was one under the forcible entry and unlawful detainer act, moved to dismiss for failure to file the additional bond thereby required. The motion was sustained by the district court and the action dismissed and to review that judgment the Smiths prosecute this writ and ask that it be made a supersedeas. The character of the action is the sole question presented.

Our forcible entry and detainer statutes are sections 6366 to 6391 inclusive, C. L. 1921. Section 6388 provides that when the judgment in the trial court is for possession, an additional bond, conditioned for payment for use and occupation pending appeal, shall be given. There was no such bond. No forcible entry is claimed. Unlawful detention is defined by section 6369 Id., which contains nine paragraphs. The trial court apparently concluded that the cause came within the provisions of the third or fifth paragraph thereof and such is the position here of counsel for Schreiber. Said paragraphs provide that "Any person shall be deemed and held guilty of an unlawful detention of real property in the following cases:" * * *

"Third—When any lessee, or tenant, at will, or by sufferance, * * * shall hold over, and continue in possession of, the demised premises, or any portion thereof, * * * after such tenancy, at will or sufferance, has been terminated by either party."

"Fifth—When such tenant, or lessee, holds over, without such permission, contrary to any other condition, or covenant, of the agreement under which he holds, after three days' notice, in writing, has been duly served upon

such tenant, or lessee, requiring the delivery of the possession of the premises so held."

The complaint alleged that Smith owned the tract, subject to a trust deed for the benefit of Schreiber; that Smith orally agreed to deed to Schreiber if the latter would release the trust deed and permit Smith to retain possession for nine months; that, conforming thereto, Smith gave Schreiber a warranty deed and took back an option to purchase on or before March 1, 1933, on payment of all sums due with interest and taxes; that up to the time of the filing of the complaint, July 6, 1933, Smith had not exercised his option. A copy of the complaint was served with the summons, which was consistent with it. The complaint, without admitting Smith's right to notice to quit, alleged service thereof upon him.

 The complaint alleged the execution of the warranty deed on March 15, 1932. The nine months during which Smith was entitled to retain possession therefore expired December 15, 1932. It thus appears that for approximately seven months prior to the commencement of this action the Smiths held possession of the premises in question as tenants of Schreiber and that such tenancy was either at will or sufferance, or that they held over contrary to the terms of a covenant by which their term expired not later than March 1, 1933. Which, is here immaterial, because if entitled to notice they had it. From March 15, 1932, to March 1, 1933, they were vendees in possession under an option to purchase. Having failed to exercise that option, Schreiber, the vendor, was entitled to proceed against them under the unlawful detainer act. *Schiffner v. Chicago T. & T. Co.*, 79 Colo. 249, 244 Pac. 1012. Much is said in the briefs concerning summons and answer. This requires no notice. The character of an action is determined by the complaint, save, possibly, in exceptional cases of which this is not one. 1 C. J., p. 1006, §130.

 The facts alleged in this complaint clearly bring

the action within the unlawful detention statutes, and the additional bond on appeal was indispensable.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Hilliard concur.