WILHELM, Appellant, vs. HACK and another, Respondents.

*February 15—March 12, 1940.*

For the appellant there was a brief by *Gramling & Gramling* of Milwaukee, and oral argument by *Gregory Gramling*.

For the respondent Hack there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, attorneys, and *George A. Richards* of Rhinelander of counsel, and oral argument by *Claire B. Bird*.

For the respondent United States Fidelity & Guaranty Company there was a brief by *Lines, Spooner & Quarles*, attorneys, and *Maxwell H. Herriott* of counsel, all of Milwaukee, and oral argument by *Mr. Herriott*.

NELSON, J.   A summary of the material facts is as follows : On April 8, 1936, one Sidney Welch recovered a judgment in the circuit court for Oneida county against John Wilhelm (the plaintiff), and Central Mutual Insurance Company (his insurance carrier), for $4,950.   The said Welch was represented in that action by O'Melia & Kaye.   Wilhelm and his insurance carrier were represented by Shockley, Mattison & Weinberg.   An appeal was taken from that judgment to this court.   In perfecting that appeal a statutory bond for $250, as required by sec. 274.11 (2), (3), Stats. 1935, was duly executed and filed.   Shortly after the appeal was perfected, and on July 8, 1936, O'Melia & Kaye wrote Shockley, Mattison & Weinberg, among other things, as follows :

"You were here today and served notice of appeal and bond for costs only in the matter of Sidney Welch against

Henry Koch and others. This means that we are at liberty to take out execution on this judgment, unless a certified check for the amount of the judgment is deposited with the clerk or a sufficient bond furnished to stay execution. Either one or the other of these things should be done and I believe we are entitled to insist it be done within the next three or four days."

On July 15, 1936, Shockley wrote O'Melia & Kaye, among other things, as follows:

"We have a check in the amount of $5,000 made payable to the clerk of the circuit court of Oneida county, state of Wisconsin, to be used as a *supersedeas* on judgment rendered in the case of Welch vs. Henry Koch, et al. This is to be sent to the clerk of the circuit court in Oneida county and he no doubt will cash the same and hold the money pending the outcome of the appeal. On receiving the inclosed memorandum agreement signed, we shall forward same on to the clerk together with the check without delay."

On July 17th, O'Melia & Kaye wrote to Shockley, in part, as follows:

"I signed the agreement about the deposit of the $5,000 with the clerk. This is quite an unusual practice. At least, I have never seen it used before. However, it would seem to be all right. Please send me a copy of your letter to the clerk transmitting the check."

The agreement was as follows:

"To the Clerk of the Circuit Court, Oneida County, State of Wisconsin.
"Attached hereto is a check in the amount of five thousand dollars ($5,000) payable to the clerk of the circuit court of Oneida county, state of Wisconsin, to be used as the *supersedeas* on judgment rendered in Sidney Welch v. Wilhelm Trucking Company.

"O'MELIA & KAYE,
"Attorneys for plaintiff.
"SHOCKLEY, MATTISON & WEINBERG,
"Attorneys for defendants."

The letter which the defendants refused to admit that Hack received is set forth in the plaintiff's demand to admit or refuse to admit, and is as follows:

"July 18, 1936.

"Clerk of the Circuit Court, Oneida County, Rhinelander, Wisconsin.

"Dear sir: Undertaking for costs and notice of appeal in the case of Welch vs. Koch, et al., was filed in your office with one of your assistants on July 7th and we herewith inclose check in the amount of $5,000 made payable to the clerk of the circuit court of Oneida county to be used as *supersedeas* on judgment rendered in Welch vs. Koch, et al. Undoubtedly you will cash the check and hold the money subject to further orders pending the outcome of the appeal.

"Inclosed you will please find also original of the agreement between the respective attorneys indicating the agreement herein."

On July 18, 1936, Shockley wrote to O'Melia & Kaye as follows:

"Acknowledging receipt of yours of July *19th* [17th] inclosing the *supersedeas* agreement properly signed we have, pursuant to agreement, mailed the clerk of the circuit court of Oneida county check in the amount of $5,000 to be used as the *supersedeas* on judgment rendered in the case of Sidney Welch vs. Wilhelm Trucking Co. and we inclose a copy of our letter addressed to the clerk of the circuit court."

The agreement was received in the office of the clerk of the circuit court for Oneida county on July 20th. On that day Stella Kunack, deputy, wrote to Shockley, Mattison & Weinberg, as follows:

"I am acknowledging the check for $5,000 in the case of Welch vs. Koch.

"Mr. Hack, the clerk of the circuit court, is attending a convention so I am holding the check until he returns."

The check was dated July 11, 1936, was drawn on City National Bank & Trust Company of Chicago, and had indorsed upon its face the following language:

"To be used as the *supersedeas* on judgment rendered in Sidney Welch vs. Wilhelm Trucking Co."

Thereafter, the appeal was heard by this court and the judgment was affirmed without opinion, on December 8, 1936. Costs were taxed on December 21, 1936, and the remittitur filed with the clerk of the circuit court for Oneida county on January 8, 1937. On January 14, 1937, Hack delivered the check to O'Melia. It had an indorsement on its back reciting its receipt from the insurance company, signed by Hack, as clerk. The check was indorsed by O'Melia & Kaye, and deposited in Merchants State Bank. When it was presented for payment it was duly protested. It appears, that had the check been presented for payment at any time up to August 10, 1936, it doubtless would have been paid because Central Mutual Insurance Company had on deposit at its bank sufficient funds to pay it. After August 19, 1936, and prior to December 16, 1936, Central Mutual Insurance Company, at different times, had sufficient funds in its bank account to pay the check. On January 11, 1937, the company went into receivership. During all of the times mentioned, there was in effect an official bond signed by Hack as principal, and United States Fidelity & Guaranty Company, as surety, conditioned that Hack would "faithfully discharge the duties of his said office according to law" and would "pay to the parties entitled to receive the same such damages not exceeding in the aggregate five thousand dollars as may be suffered by them in consequence of his failure so to discharge such duties."

The plaintiff's action for damages is grounded upon the failure of the defendant, Hack, as clerk of the circuit court, to cash the check with reasonable promptness and to hold the proceeds thereof as an undertaking to stay execution, as a result of which failure the check was not paid when presented for payment, and the plaintiff, as a judgment debtor, lost the benefit of the amount of the check.

The plaintiff contends, in substance, that it was Hack's duty as clerk of the court, upon receiving the check, accompained by the agreement, that the check "be used as a *super-*

*sedeas,"* to cash it with reasonable promptness and to hold the proceeds thereof as an undertaking pending the appeal; that the delivery of the check under the circumstances amounted to a deposit of a sum of money, and that the appellants there had the statutory right to deposit money in lieu of an undertaking.

The defendants contend, in substance, that upon an appeal from a money judgment, the judgment can be stayed as a matter of right only by complying with sec. 274.17, Stats. 1935, which provides:

*"Undertaking to stay execution on money judgment.* If the appeal be from a judgment directing the payment of money it shall not stay the execution of the judgment unless an undertaking be executed on the part of the appellant, by at least two sureties, to the effect that if the judgment appealed from or any part thereof be affirmed the appellant will pay the amount directed to be paid by the judgment or the part of such amount as to which the judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against the appellant upon the appeal."—

that the appellants therefore had no legal right to deliver a check in lieu of an undertaking, and that when Hack received the check "to be used as the *supersedeas* on judgment rendered in Sidney Welch vs. Wilhelm Trucking Co.," he was required to act only in pursuance of the agreement and not pursuant to any duty imposed upon him by law. The defendant, Hack, particularly contends that he received the check pursuant to the agreement or stipulation which simply provided that it was to be used as "the *supersedeas* on judgment rendered;" that the agreement contained no instructions requiring him to cash it, to hold the proceeds, or to deposit them; that in treating the check as a *supersedeas,* that is to say, as an undertaking to stay execution on a money judgment, he was simply acting as bailee for the respective parties and was not liable except for gross negligence. The defendant, United States Fidelity & Guaranty Company, particularly contends that when the defendant,

Hack, received the check he had no right to receive it in lieu of an undertaking, that in receiving it and holding it he acted outside the scope of his lawful authority, and therefore there is no liability on its part under the official bond issued by it.

A careful consideration of the applicable provisions of ch. 274, Stats. 1935, convinces us that an execution on a money judgment could be stayed by an appellant *as a matter of right,* only by executing an undertaking pursuant to the provisions of sec. 274.17, *supra,* and that the provisions of secs. 274.11 (2), (3), and 274.14, should not by construction be imported into sec. 274.17.

Sec. 274.11 (2), (3), Stats. 1935, in part, provided:

"An appeal shall be deemed perfected on the service of the bond for costs, or the deposit of money instead, or the waiver thereof. . . .

"(3) The appeal bond must be executed on the part of the appellant by at least two sureties, to the effect that he will pay all costs and damages which may be awarded against him on the appeal, not exceeding two hundred and fifty dollars."

Sec. 274.14, Stats. 1935, in part, provided:

"(1) When the appellant is required to give bond he may, in lieu thereof, and with like legal effect, deposit with the clerk of the trial court (who shall give a receipt therefor), a sum of money, certified check, or United States government bonds at their par value, approved by the court and at least equal to the amount for which such bond is required and serve notice of making such deposit. Such deposit shall be held to answer the event of the appeal upon the terms prescribed for the bond in lieu of which the same is deposited. Any such bond and deposit may be waived in writing by the respondent and such waiver shall have the same effect as the giving of the bond would have had."

In our opinion, it is clear that the language: "An appeal shall be deemed perfected on the service of the bond for costs, or the deposit of money instead, or the waiver there-

of" relates only to the bond required to perfect an appeal and not to the undertaking mentioned in sec. 274.17, Stats. 1935. The distinction between a bond and an undertaking is clear, although "bond" and "undertaking" are sometimes carelessly used synonymously. In *Ladegaard v. Connell,* 229 Wis. 36, 38, 281 N. W. 656, it was said:

"Although the differences between them ["bond" and "undertaking"] are rather technical, a bond is not the same as an undertaking. The latter need not be signed by the principal, as must be done in the case of a bond."

Ordinarily a bond on appeal is for a certain sum expressed in the bond. An undertaking on appeal simply undertakes to pay such an amount as shall be directed to be paid by the judgment, if affirmed.

Sec. 274.14, Stats. 1935, specifically applies to situations mentioned in ch. 274, Stats., where the appellant "is required to give bond." Obviously, an appellant is not required to give a bond to stay execution or to have executed on his part an undertaking. Sec. 274.17.

Many appeals to this court from money judgments are taken without executing undertakings to stay executions. If the parties to an appeal agree that execution shall be stayed, by the appellant's delivering to the clerk a certified or an uncertified check, a sum of money, or bonds of the United States, such delivery, of course, would stay execution so long as such agreement was in effect. In our opinion, no execution of a money judgment could be stayed as a matter of right unless an undertaking was furnished pursuant to sec. 274.17, Stats. 1935, and in holding the check Hack violated no duty imposed upon him by law.

It is certainly clear that the agreement contained no direction to the clerk to cash the check. The agreement simply stated:

"Attached hereto is a check in the amount of five thousand dollars ($5,000) payable to the clerk of the circuit court of Oneida county, state of Wisconsin, to be used as the *super-*

*sedeas* on judgment rendered in Sidney Welch vs. Wilhelm Trucking Company."

The language, "to be used as the *supersedeas*," means "to be used as the statutory undertaking." Shockley, Mattison & Weinberg, after receiving the acknowledgment of the deputy, made no further inquiry whether the check had been presented for payment, whether the proceeds were being held, or whether they had been deposited in a safe depository subject to the further order of the court or judge thereof. Sec. 256.25, Stats. 1935. O'Melia & Kaye apparently made no inquiry concerning the check or whether it had been cashed. Upon the filing of the remittitur, the check was delivered to O'Melia, who apparently received it without objection, and thereafter deposited it that it might be presented for payment in regular course.

The trial court reached a different conclusion as to the construction of sec. 274.17, Stats. 1935. It held that it was permissible for the appellants to stay the execution on the money judgment by depositing a sum of money, a certified check, or government bonds, as provided in sec. 274.14. It read into sec. 274.17 the provisions of sec. 274.14. In so construing sec. 274.17 we think the court was in error. But the construction given the statute by the trial court in no manner affected the result, since it held, under the undisputed circumstances, that no duty rested upon the clerk to cash the check and to hold the proceeds. Certainly, the agreement or stipulation, reasonably construed, did not make it the duty of the clerk to cash the check and hold the proceeds. No attempt was made by the plaintiff to prove that the disputed letter of July 18, 1936, was received by Hack. He apparently considered that he was entitled to a summary judgment regardless of that letter, so he may not now claim the benefit of the following language:

"Undoubtedly you will cash the check and hold the money subject to further orders pending the outcome of the appeal,"—

as an instruction or direction to the clerk.

Even if the receipt of that letter had been proven, it could not have modified the agreement or stipulation since it was signed only by Shockley, Mattison & Weinberg.

It is our conclusion that in receiving and holding the check, under the circumstances, the defendant, Hack, as clerk of the circuit court, violated no duty which he was required by law to perform, and that the trial court correctly held that the complaint should be dismissed and that summary judgment should be entered in favor of the defendants.

*By the Court.*—The judgment and the order are both affirmed.