No. 15,910.

McDowell *v.* Taylor.
(184 P. [2d] 140)

Decided August 11, 1947.

Mr. Arthur E. March, for plaintiff in error.

Mr. Dale E. Shannon, for defendant in error.

Mr. Justice Luxford delivered the opinion of the court.

THIS case involves the sufficiency of an appeal bond filed in a justice of the peace court. The parties will be designated as in the court below.

On January 7, 1947, an action in unlawful detainer was commenced by plaintiff against defendant in the justice court of George Stanfall, a justice of the peace in precinct No. 5, Larimer county, Colorado. On January 20, 1947, the case was tried to a jury; verdict was for defendant; and judgment was entered thereon against plaintiff. Plaintiff gave notice of appeal and on January 24, 1947, filed with said justice of the peace her appeal bond in the sum of fifty dollars, signed by her husband, as surety who "justified" before the justice of the peace who had tried the case. On January 25, 1947, a transcript of the proceedings in the justice court together with the appeal bond was filed in the county court. On March 5, 1947, defendant filed his motion for dismissal of said appeal on the ground that the appeal bond was not approved by the justice of the peace and that it was defective, inadequate and insufficient because plaintiff's husband signed as a surety and the only surety on said bond. On March 15, 1947, this motion was denied by the court. On April 19, 1947, defendant filed another motion to dismiss the appeal for the reason that the court erroneously overruled defendant's former motion for dismissal. On April 25, 1947, the county court set aside its former order and granted defendant's motion for dismissal "for the reason that no proper bond, with two or more sureties as required by the unlawful detainer act was filed with the justice of the peace within the time allowed or at all." Whereupon plaintiff asked permission of the court to file an amended bond which the court denied because it was not asked for in apt time.

Plaintiff brings the case here and alleges as points for reversal that: (1) The court erred in holding that two sureties were necessary on the bond; and (2) in refus-

ing to allow plaintiff an opportunity to file a sufficient bond.

■ (1) Two sureties were not necessary. The forcible entry and detainer statute provides inter alia: "If either party shall feel aggrieved by the judgment rendered in such action, before such justice, he may appeal, as in other cases tried before justices of the peace, except as hereinafter provided; but no such appeal by a defendant shall stay proceedings on such judgment, unless the appellant shall * * * execute and file with the justice his undertaking to plaintiff, with two or more sureties * * *." '35 C.S.A., c. 70, §18. It will be noted that the statute specifically requires that when a defendant appeals, if he wishes stay of execution, he must file an additional bond signed by two or more sureties. In the case at bar plaintiff is the appellant and the provision does not apply to him. He "may appeal as in other cases tried before justices of the peace," and the only bond requirement is that "he enter into bond, with security to be approved." '35 C.S.A., c. 96, §141. It is obvious that two sureties were not required on plaintiff's bond.

■■ (2) Even when the court found plaintiff's bond insufficient, he should have granted plaintiff a reasonable time to file a sufficient bond. '35 C.S.A., c. 96, §148; *Gardner v. Dunn,* 1 Colo. 1. If the justice of the peace failed to approve the bond this "would not, of course, prejudice the rights of the party filing the bond." *Adams v. Decker,* 50 Colo. 236, 239, 114 Pac. 654. Plaintiff's husband signed as surety on her bond. He "justified" before the justice who tried the case. In view of the fact that the common-law fiction that the husband and wife are one, does not apply in Colorado, he clearly had a right to do so. *Rains v. Rains,* 97 Colo. 19, 46 P. (2d) 740.

The judgment of the county court is reversed. Fur-

ther proceedings, if any, to be in accordance with the views herein expressed.

Mr. Chief Justice Burke and Mr. Justice Jackson concur.