No. 18,296.

GENERAL AMERICAN INDUSTRIES, INC. *v.* COUNTY COURT OF CLEAR CREEK COUNTY, ET AL.

(316 P. [2d] 565)

Decided August 26, 1957. Rehearing denied September 16, 1957.

Mr. ALBERT L. VOGL, Mr. WILLIAM F. REYNARD, Mr. FRANK C. LOWE, for petitioners.

Mr. HENRY W. LUEDDE, for respondents.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

PLAINTIFF applied to this court for a writ (in the nature of prohibition) to issue and be directed to the County Court of Clear Creek County and the judge thereof. For convenience we shall designate these defendants as the County Court.

In its complaint filed before us plaintiff sought a stay of all further proceedings in the case of the plaintiff against White, Green and Addison Associates, Inc. (herein referred to as "Associates"), and that the County Court be required to show cause why an attempted appeal lodged in the County Court should not be dismissed for want of jurisdiction.

After a preliminary review we issued an order to show cause. An answer was filed, and we now consider the matter upon the record and the briefs submitted by the parties. The only issue which we must determine is whether "Associates" filed the undertakings required for an appeal from the adverse judgment of the justice

of the peace to the County Court in an action of unlawful detainer.

Certain mining claims were the subject of the unlawful detainer action. It was alleged that the tenant retained possession after breach of certain covenants contained in the lease and notice demanding possession of the property. Judgment was entered by the Justice of the Peace in favor of the plaintiff and against Associates." "Associates" then appealed and filed the following two questioned instruments:

UNITED STATES NATIONAL BANK

Denver, Colorado, 3/7, 1957

Pay to the
order of................................................................ $150.00
One Hundred and Fifty and no/100...............Dollars
For Appeal Bond For
White, Green & Addison and/or
Trans World Mining Corp.
For Argo Mine MARTIN A. ADDISON

---

APPEAL BOND FROM J. P. TO COUNTY COURT
Civil

KNOW ALL MEN BY THESE PRESENTS, That we, WHITE, GREEN AND ADDISON ASSOCIATES, INC., a Texas corporation, are held and firmly bound unto THE PEOPLE OF THE STATE OF COLORADO and GENERAL AMERICAN INDUSTRIES, INC., a Colorado corporation, in the penal sum of One Hundred Fifty ($150.00) Dollars, lawful money of the United States, cash deposit of which is made herewith.

WITNESS our hand and seals this 28th day of February, A.D. 1957.

THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That whereas, the said General American Industries, Inc., a Colorado corporation, did on the 26th

day of February, A.D. 1957, before Bernard H. Bruce, a Justice of the Peace within and for the County of Clear Creek, State of Colorado, recover a judgment against the above bounden White, Green and Addison Associates, Inc., for the repossession of certain properties, from which judgment the said White, Green and Addison Associates, Inc. has taken an appeal to the County Court of the County of Clear Creek aforesaid, and State of Colorado.

NOW IF THE SAID White, Green and Addison Associates, Inc. shall prosecute its appeal with effect, and shall pay all costs assessed by the Court upon dismissal or trial of said appeal, and shall pay to said General American Industries, Inc. all damages for which judgment may be given heretofore or hereafter sustained by reason of the unlawful detainer of said property should said judgment be affirmed on appeal, then the above obligation to be void, otherwise to remain in full force and effect.

WHITE, GREEN AND ADDISON
ASSOCIATES, INC.
by [signature not legible]

[SEAL] Vice-President

Approved by me at my office, this
7 day of March, 1957.
 BERNARD H. BRUCE,
 Justice of the Peace.

A proper resolution of the single question before us requires a consideration of several statutes, the first of which are the several provisions covering appeals generally from Justices of the Peace to the County Courts. C.R.S. '53, 79-13-1 provides that *"All appeals* from judgments of justices of the peace, both in civil and criminal actions, shall be taken to the county court of the same county . . ." The next section in part requires that "Appeals from judgments of justices of the peace, to the county court, shall be granted *in all cases* except

on judgment confessed. The party praying the appeal, within ten days from the rendition of the judgment from which he desires to take an appeal, *shall enter into a bond,* with security to be approved and conditioned as provided in section 79-13-3 . . ." The form of the bond is set out in Section 79-13-3 in these words and symbols (omitting signatures and approval provision):

"Know all men by these presents, That we, A.B. and C.D., are held and firmly bound unto E.F., in the penal sum of *(here insert double the amount of the judgment and costs),* dollars lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly, severally and firmly by these presents. Witness our hands and seals this_____day of_____, 19_____.

"The condition of the above obligation is such that, whereas, the said E.F. did, on the_____day of_____, A.D. 19\_\_\_\_\_, before_____, a justice of the peace in and for the county of_____, recover a judgment against the above bonden A.B., for the sum of _____dollars; from which judgment the said A.B. hath taken an appeal to the county court of the county of_____aforesaid, and state of Colorado.

"Now if the said A.B. shall prosecute his appeal with effect and shall pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal, then the above obligation to be void, otherwise to remain in full force and effect." (Emphasis supplied.)

The forcible entry and unlawful detainer provisions are C.R.S. '53, 58-1-1 to 58-1-26. Contained therein are certain prerequisites for an effectual appeal. Although not a decisive factor in this case except as it sheds light on the reason for the provision in Sec. 58-1-23, requiring an additional undertaking covering use and occupation, Sec. 58-1-19 should be considered. This section, which

relates to appeals of judgments for possession in cases involving the non-payment of rent, states that an appeal shall not be deemed taken and perfected unless a deposit of rentals be made in the justice of the peace court. It further provides that during the pendency of the action in the county court on appeal, further deposits of rent be made in the county court.

Next to be considered is Section 58-1-18 which prescribes that:

"If either party shall feel aggrieved by the judgment rendered in such action before such justice, he may appeal, *as in other cases tried before justices of the peace, except as provided in this article.* No such appeal by a defendant shall stay proceedings on such judgment, unless the appellant, within forty-eight hours, Sundays excepted, after judgment, shall execute and file with the justice *his undertaking* to plaintiff, *with two or more sureties,* to be approved by the justice, to the effect that the appellant will pay all costs which have accrued, or may thereafter accrue, and all damages which plaintiff may have sustained, or may thereafter sustain, in consequence, of the wrongful detention of the premises in question, during the pendency of such appeal."

The next important provision is Section 58-1-23, which reads as follows:

"Appeals and writs of error to the supreme court from the judgment of the district, or county courts of this state, in proceedings under this article, shall be allowed as in other cases; provided, that in addition to the conditions *now* prescribed by law, *the condition of the undertaking on appeal,* and the time of filing the same shall be required by this article in cases of appeal from justices of the peace. In cases of appeal, from judgments founded upon causes of action embraced in subsection (4) of section 58-1-4· the deposit of rent money during pendency of appeal shall be made, or judgment of affirmance shall be entered in the manner provided in section 58-1-19. In all other cases *where*

*judgment is rendered for the possession of the premises the party appealing from such judgment,* whether in justice courts or courts of record, *in addition to the undertaking hereinbefore mentioned,* shall make and file *an additional undertaking with sufficient sureties* to be approved by the justice or court in such sum as may be fixed by such justice or court conditioned for the payment to the plaintiff of all sums that may be awarded to the plaintiff for the use and occupation of the premises, pending such appeal, either *in said action* or in any other action thereafter instituted by the plaintiff against said defendant, during the pendency of said appeal."

■ The forcible entry and unlawful detainer provision are sui generis. It has been stated that "the forcible entry and unlawful detainer act * * is a statute separate and apart from the Civil Code and * * provides, at length and in detail, *a complete procedure* and furnishes a remedy to landlords in controversies between them and their tenants." *Hewitt v. Landis,* 75 Colo. 277, 225 Pac 842. With equal propriety it may be said that for the most part the statute is "separate and apart" from the general provisions relating to procedure before justices of the peace.

■ It *is* submitted that the sections of the statute providing generally for appeals from the justices of the peace advisedly require the filing of a *bond;* whereas the sections concerning appeals in forcible entry and unlawful detainer actions advisedly require the filing of *undertakings.* The former has to do with liquidated amounts, the latter with amounts to be determined. A bond is an obligation in writing, binding the signatories to pay a sum certain upon the happening of a certain event; and undertaking is an obligation in writing binding the signatories to pay such an amount as shall be adjudged due. See *Wilhelm v. Hack,* 234 Wis. 213, 290 N.W. 642. Although the essential purpose and effect of

the two instruments are the same, the dissimilarity in terms is fundamental.

 C.R.S. '53, 79-13-2 and 79-13-3 require that a bond in double the amount of the judgment be filed. These sections admittedly refer to a sum certain. Since forcible entry and unlawful detainer provisions relate to sums uncertain (damages accrued and to accrue and for use and occupation), a bond filed pursuant to these sections would not suffice.

Moreover, C.R.S. '53, 58-1-26, included in the forcible entry and unlawful detainer act, provides for the recovery of "treble damages * * * against the person found guilty, in a separate action for any damages or injury" during the period of time that the owner is deprived of the possession of the property. This section concludes as follows: "In all cases where an appeal shall have been taken by the defendant in the original action, and the judgment appealed from shall have been affirmed, and an undertaking shall have been given upon the taking of such appeal, the action provided for in this section may be maintained as well against the sureties in such undertaking as against the principal therein." Obviously, a bond given pursuant to Sections 79-13-2 and 79-13-3 (the general appeals provision) would not and could not indemnify the obligee for such damages.

 A study of the forcible entry and unlawful detainer statute produces conviction that the bond filed in the instant case is legally ineffectual and practically inadequate. While this bond conforms to the requirements of the general law covering appeals from justices of the peace, no more can be said for it.

██ ██ "Associates" having retained possession of the property, its failure to file the two undertakings required by the forcible entry and unlawful detainer statute is fatal to the appeal; the action never left the jurisdiction and dominion of the justice of the peace, and hence never ascended to the county court for it to act in the premises other than to order dismissal for want of juris-

diction to hear and determine the controversy. *Adams v. Decker,* 50 Colo. 236, 114 Pac. 654; *Erbaugh v. Fields,* 77 Colo. 254, 235 Pac. 568; *Lamon v. Zamp,* 82 Colo. 294, 259 Pac. 1041. At this late date it appears to be a firmly entrenched construction of the law that these two undertakings are conditions precedent to an appeal where possession is retained. *Erbaugh v. Fields,* supra; *Getty v. Miller,* 10 Colo. App. 331, 51 Pac. 166; *Smith v. Schreiber,* 93 Colo. 497, 27 P. (2d) 491.

Section 58-1-18 requires an undertaking "to the effect that the appellant will pay all costs which have accrued, or may thereafter accrue, and all damages which plaintiff may have sustained, or may thereafter sustain, *in consequence of the wrongful detention of the premises in question, during the pendency of such appeal.*" Section 58-1-23 requires an additional undertaking "conditioned for the payment to the plaintiff of all sums that may be awarded to the plaintiff *for the use and occupation of the premises, pending such appeal* . . ." It is to be observed that these undertakings provide respectively for damages and for use and occupation of the premises accruing during the pendency of the appeal. The retention of the premises while the appeal is running its course manifestly makes mandatory the filing of these undertakings in order to vest the county court with jurisdiction.

Attempting to probe the rationale of the requirement of the additional undertaking prescribed by Section 58-1-23, a provision inserted by way of an amendment to the original act, it would appear that since Section 58-1-19 requires a deposit of rent in non-payment of rent cases, rentals were excluded as items of damage recoverable under the provision requiring an undertaking to cover damages which had accrued or would accrue. In order to·make certain that a reasonable rental for use and occupation would then be recoverable, Section 58-1-23 was amended to require the additional undertaking to cover use and occupation.

Had "Associates" surrendered possession upon the entry of the adverse judgment by the Justice of the Peace, yet desired to appeal the judgment in order to have a trial de novo in the County Court to establish that its possession of the premises was proper at the time suit was originally filed, then an undertaking for costs accrued and to accrue, and for damages already accrued, would have satisfied the statute. And in such event, one undertaking in an indeterminate amount, to protect the owner in his right to costs accrued and to accrue and for damages accrued, would have sufficed. The bond filed in this case clearly is not such an undertaking.

In this case possession was not yielded to the landlord, thereby making applicable the prerequisite of two undertakings in order to perfect the appeal and establish jurisdiction in the County Court.

The required undertakings not having been filed, the County Court never acquired jurisdiction of the suit for any purpose other than to order dismissal. The rule is made absolute, and the County Court is directed to dismiss the attempted appeal in conformity with this opinion.

MR. JUSTICE HALL dissents.

MR. JUSTICE DAY not participating.

MR. JUSTICE HALL dissenting:

I respectfully dissent from the majority opinion.

The majority opinion states that the record presents a single question for resolution, and, though the question is not expressly stated, I assume that the question is, "What does a party in an unlawful detainer suit before a justice of the peace have to do with reference to furnishing bond, bonds, undertaking or undertakings in order to perfect an appeal from the judgment of a justice of the peace so that the matter may be tried de novo by the County Court.

Three situations may arise:

(a) The plaintiff (owner) seeks review.

(b) The defendant (occupant) seeks review, vacates the property or arbitrarily refuses to vacate during the pendency of the appeal.

(c) The defendant (occupant) seeks review and elects to remain in possession or fails to vacate pending final determination.

The right of appeal is a very valuable right which may not be taken away by legislation, though admittedly reasonable conditions may be imposed upon appellant, such as limiting the time for appeal, payment of costs, requiring bond to protect the opposing party, etc. I readily concede that the legislature should make provision that the appellant furnish suitable security to protect the appellee from all injury or damage that may accrue to the appellee by reason of the appeal. With equal assurance I am of the opinion that the legislature should not place any useless obstacles in appellant's way.

The legislature has supplied enough, if not too much, legislation on the matter.

1. C.R.S. '53, 79-13-2 (Laws 1861), provides:

"Appeals from judgments of justices of the peace, to the county court, shall be granted *in all cases except on judgment confessed. The party* praying the appeal * * * shall enter into a bond *with security to be approved* and conditioned as provided in Section 79-13-3 * * * " (The condition provided in 79-13-3 is: Now if the said A.B. shall prosecute his appeal with effect and shall pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal, then the above obligation to be void, otherwise to remain in full force and effect.)

2. C.R.S. '53, 58-1-18 (Laws 1885 — An act in relation to forcible entry and detainer * * *), provides:

"*If either party* shall feel aggrieved * * * *he may appeal, as in other cases tried before justices of the peace,* except as hereinafter provided; *but no such appeal by a*

*defendant shall stay proceedings on such judgment, unless the appellant* shall within forty-eight hours * * * file with the justice *his undertaking* to plaintiff *with two or more sureties* to * * * pay all costs which have accrued, or may thereafter accrue, and all damages which plaintiff may have sustained, or may thereafter sustain, in consequence of the wrongful detention of the premises in question *during the pendency of such appeal.* Upon taking such appeal and filing such undertaking, all further proceedings in the case shall be thereby stayed * * *."

3. C.R.S. '53, 58-1-23 (Laws 1891 — to amend an act in forcible entry and detainer) purports to amend Sec. 22, Unlawful detainer, Laws 1885, which provides for appeals and writs of error to the Supreme Court from judgments of the District, County or *Superior* courts. The only amendment made was to drop the word *Superior;* however, the legislature added the following:

"In all other cases where judgment is rendered for the possession of the premises the party appealing from such judgment, whether in justice courts or courts of record, in addition to the undertaking hereinbefore mentioned (C.R.S. '53, 79-13-2, supra, or C.R.S. '53, 58-1-18, supra, or both), shall make and file *an additional undertaking* with sufficient sureties to be approved *by the justice or court* in such sum as may be fixed by *such justice or court* conditioned for the payment to the plaintiff of all sums that may be awarded to the plaintiff for the use and occupation of the premises, pending such appeal."

I shall make no extended effort to reconcile and give literal effect to all of the language contained in the foregoing statutes. I presume that the legislature was seeking to make available to litigants in forcible entry and detainer actions, the right of review by appeal without unreasonable or useless conditions; while on the other hand intending to impose as conditions to the right of an appeal all reasonable requirements necessary to

fully protect the appellee, plaintiff or defendant, from all damages that he might suffer because of the appeal.

Now let us take up each of the three situations outlined above:

(a) The plaintiff (owner) is dissatisfied with the judgment of the justice of the peace and seeks to appeal. C.R.S. '53, 79-13-2, adopted in 1861, grants him that right in clear language, on condition that he furnish bond conditioned that " * * * prosecute his appeal with effect and shall pay whatever judgment may be rendered by the [appeal] courts * * *."

I respectfully submit that when plaintiff provides the above bond he has afforded his adversary full and complete protection for any and all losses that he may suffer *by reason of the appeal,* and he should not be required to file "an additional undertaking * * * " as provided in 58-1-18 or 58-1-23. *McDowell v. Taylor,* 117 Colo. 106, 184 P. (2d) 140. A requirement for a second bond places an undue burden on appellant and affords appellee no additional protection.

(b) The defendant (occupant) is dissatisfied with the judgment of the justice of the peace and seeks to appeal, elects to vacate the property or arbitrarily refuses to vacate but makes no effort to stay the issuance of a writ of restitution by furnishing bond. What I have said with reference to situation (a) above applies with equal force to this situation. Plaintiff's remedy, if defendant remains in possession, is available after expiration of forty-eight hours — a writ of restitution. If defendant vacates, that in itself is his remedy, and even if he were to provide a second bond no possible liability could arise thereon, the defendant not being in possession of the premises pending such appeal.

(c) The defendant (occupant) is dissatisfied with the judgment of the justice of the peace and seeks to appeal, refuses to vacate and desires to stay the issuance of a writ of restitution during the pendency of the appeal. In such a situation the defendant (occupant) must furnish

the appeal bond as stated in (a) and (b) above in order that the plaintiff (owner) may, if he prevails on appeal, be secured for his judgment and costs, and *in addition* must within forty-eight hours after judgment before the justice, file an additional undertaking to secure the owner for losses he may suffer by reason of the "defendant's wrongful detention of the premises in question, during the pendency of such appeal." Certainly no one questions the fact that in such case the second bond is proper and serves a useful purpose, otherwise there could be no recovery commensurate with plaintiff's loss occasioned by defendant's unlawful detention of the property during the pendency of the appeal; on the other hand if there is no such detention and continued use and occupation, such bond would be absolutely meaningless, would serve no purpose and no liability could arise thereunder.

Convinced as I am that my treatment of the three situations outlined above is correct, I necessarily conclude that the requirement for an additional bond has nothing whatsoever to do with perfecting the appeal; the requirement of a second bond arises only in cases where the defendant seeks to stay the issuance of a writ of restitution. In the event the defendant files his appeal bond as provided in 79-13-2, but neglects to file within forty-eight hours after judgment the bond as provided in 58-1-18, which is the situation in the case at bar, writ of restitution could be issued, the defendant dispossessed, and the plaintiff's possession restored. The appeal bond affords the plaintiff ample protection for his judgment and costs. A second bond would serve no purpose, since no liability could arise upon which recovery could be had and serves only to unreasonably and uselessly fetter and obstruct a defendant in the exercise of his right to invoke the aid of our courts.

Admittedly I have, in seeking to make an analysis of the statutes involved, largely ignored 58-1-23. This statute (Laws 1891) purports to amend Section 22 of the

forcible entry and detainer act adopted in 1885, being Sec. 22, page 230 Session laws of 1885. Said Sec. 22 provided for appeals and writs of error, in unlawful detainer actions, from judgments of the district, county or *superior* courts of this state; it provided that:

" * * * the condition of the undertaking an [on] appeal * * * shall be [as] required by this act in cases of appeal from justices of the peace * * *."

The only change in the wording was to drop the word "superior" [court]. It will be observed that said Section 22 made no provision for bond providing security for plaintiff for damages that he might suffer arising out of the unlawful detention during the pendency of the appeal. Apparently, in an effort to rectify this omission, the legislature added the following:

" * * * *in all other cases* [all cases other than those based on notice to pay rent or vacate] where judgment is rendered for the possession of the premises *the party appealing* (plaintiff or defendant) from such judgment, *whether in justice courts* or courts of record, *in addition to the undertaking*, hereinbefore mentioned, shall make and file an additional undertaking with sufficient sureties to be approved by the *justice* or court in such sum as may be fixed by such *justice* or court conditioned for the payment to the plaintiff of all sums that may be awarded to the plaintiff *for the use and occupation of the premises, pending such appeal,* either in said action or in any action thereafter instituted by the plaintiff against said defendant, during the pendency of said appeal."

The above amendment or rather addition to the aforementioned Sec. 22, Laws of 1885, in so far as it refers to *courts of record,* is desirable and needed legislation in that it serves to remedy an omission in said Sec. 22 and provides security for the plaintiff for damages arising out of the unlawful detention of the property during the pendency of the appeal — security that previous to 1891 did not exist; in so far as the amendment or addi-

tion refers to justice courts it is useless and meaningless for the reason that 58-1-18 (Laws 1885, p. 229) provides for an undertaking conditioned the same as 58-1-23 and even provides for better security in that under 58-1-18 the undertaking must be "with two or more sureties." In my opinion the legislature did not mean to do a useless and meaningless act, and therefore 58-1-23 being Sec. 1, page 228, Laws of 1891, should be construed as being applicable to appeals from courts of record only, and that an additional bond be required only where stay of writ of restitution is sought.

I am not unmindful of the numerous decisions of this court, including those referred to in the majority opinion. In so far as those decisions are in conflict with the views herein expressed, they should be overruled; the fact that the construction of the law has *become firmly entrenched* should be no deterrent to correcting wrongs even though long endured, by so construing and interpreting the statute as to make it sensible, useful and just rather than meaningless and obstructive.

The majority opinion fails to mention *McDowell v. Taylor, supra,* wherein we held, contrary to the majority opinion that 79-13-2 is applicable to suits in unlawful detainer. In that case a plaintiff appealed from the judgment of a justice of the peace and filed only one bond — that provided by 79-13-2. The county court dismissed the case for want of a proper bond "with two or more sureties" as provided by 58-1-18. In reversing the county court, we said:

"It will be noted that the statute specifically requires that when a defendant appeals, if he wishes stay of execution he must file an additional bond signed by two or more sureties. (58-1-18) In the case at bar plaintiff is the appellant and the provision does not apply to him. He "may appeal as in other cases tried before justices of the peace," and the only bond requirement is that "he enter into bond, with security to be approved." '35 C.S.A., c. 96, § 141 (now C.R.S. '53, 79-13-2). It is ob-

vious that two sureties were not required on plaintiff's bond."

In my humble opinion the defendant having filed one bond as provided by 79-13-2 and having docketed the case in the County Court is entitled to have his case tried therein de novo; defendant having failed to vacate the premises or to take any steps to remain in possession as provided by 58-1-18, the plaintiff could at any time after the expiration of forty-eight hours gain possession of his property by writ of restitution. The fact that plaintiff does not avail himself of his plain legal remedy cannot serve to deprive defendant of his plain legal right — the right of appeal. The rule to show cause should be discharged.