MR. JUSTICE GROVES
dissenting:
*421 I respectfully dissent.
General Industries v. Co. Court, 136 Colo. 86, 316 P.2d 565 is the principal case relied upon by the majority opinion. It is the most recent case cited therein and it was announced in 1957. It involves an appeal from a justice of the peace court. Justice of the peace courts were abolished in 1965. Colo. Sess. Laws 1963, ch. 313, Sec. 23 at 1055. Thereafter and as of April 1, 1970, our Rules of County Court Civil Procedure were adopted. They provide in Rule 410(a):
“No writ or process shall be quashed, nor any order or decree set aside, nor any undertaking be held invalid, nor any affidavit, traverse or other paper be held insufficient if the same be corrected within the time and manner prescribed by the court, which shall be liberal in permitting amendments.”
The obvious purpose of Rule 410(a) is to achieve justice without injury to those affected. This rule laudably tempers some of the language of strict construction contained in General Industries v. Co. Court, supra.
To dismiss this appeal under the plaintiffs motion would be to give proof to Cicero’s statement “summum jus summa injuria,” i.e., extreme justice is extreme injustice.
The important and significant factor was that the defendants deposited $1,000. After this deposit was timely made, the correction of any insufficiencies under the statute could be asked of and required by the court under Rule 410(a), thus providing ample protection to the plaintiff and preserving the defendants’ right of appeal.
The respondent court was correct in its ruling on the motion to dismiss. The rule to show cause should be discharged.
MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE CARRIGAN join in this dissent.