**FRANCAM BUILDING CORPORATION,**
Plaintiff-Appellee,

v.

**Larry A. FAIL, Defendant-Appellant.**

No. 83CA0521.

Colorado Court of Appeals,
Div. IV.

Aug. 9, 1984.

Myrick, Lavenhar & Serruto, William E. Myrick, Michael P. Serruto, Denver, for plaintiff-appellee.

Larry A. Fail, pro se.

COYTE,* Judge.

Defendant, Larry A. Fail, appeals from the judgment of the district court in this forcible entry and detainer action granting possession of the subject real property to plaintiff, Francam Building Corporation. Francam was also awarded judgment in the amount of the overdue rent, $13,706.97. We dismiss the appeal.

An appeal from a judgment of the district court in an F.E.D. action is governed in part by § 13–40–120, C.R.S., which provides that the requirement of an undertaking on appeal from the district court is the same as in cases appealed from county courts. *See* § 13–40–117, C.R.S. Thus, a party appealing from the judgment of the district court must execute and file an undertaking with the court within 48 hours after judgment has been entered "to the effect that the appellant will pay all costs which have accrued, or may thereafter accrue and all damages which plaintiff may have sustained or may thereafter sustain in consequence of the wrongful detention of the premises in question during the pendency of such appeal." Section 13–40–117(1), C.R.S.

Section 13–40–120, further provides that, in cases where the cause of action is embraced in § 13–40–104(1)(d), C.R.S. (1983 Cum.Supp.), as in this case, the appellant, at the time of filing the appeal, must deposit with the court the amount of rent found due and specified in the judgment. *Cf.* § 13–40–118, C.R.S. This is in addition to the undertaking required by § 13–40–117.

 In this case, because defendant was no longer in possession of the premises at the time he filed his notice of appeal, he was not required to file an undertaking sufficient to provide for damages which might be incurred by plaintiff as a consequence of a wrongful detention during the pendency of appeal. *General American Industries, Inc. v. County Court*, 136 Colo. 86, 316 P.2d 565 (1957). As Francam contends, however, Fail was required to file an undertaking sufficient to cover all costs which had been and might be incurred by plaintiff, *General American Industries, Inc. v. County Court, supra,* as well as to deposit with the court the amount of rent specified in the judgment. Sections 13–40–117(1), 13–40–118, and 13–40–120.

Prior to trial, defendant filed a bond in the amount of $12,800. Subsequent to the entry of judgment, he filed a cost bond in the amount of $250, but filed no other undertaking.

Because the amount of the rent which the court found was owed by defendant, in addition to plaintiff's costs, was in excess of the bonds filed by defendant, defendant did not comply with the mandatory statutory requirements of §§ 13–40–117(1), 13–40–118, and 13–40–120. *See Maxwell v. District Court*, 641 P.2d 931 (Colo.1982) (Although bond was for a liquidated amount, it was found to be sufficient to cover any potential losses which plaintiff could reasonably be expected to incur.) Here, the bonds filed were *not* sufficient to cover all such potential losses. Thus, defendant did not perfect his appeal by filing the required undertaking, and accordingly, the requirement being jurisdictional, *Morgan v. District Court*, 192 Colo. 418, 559 P.2d 712 (1977), this appeal must be dismissed.

Appeal dismissed.

STERNBERG and BABCOCK, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).