**LEISURE, INC., a Colorado corporation, Plaintiff-Appellant,**

v.

**BURT DEVELOPMENT COMPANY, a joint venture comprised of Burt Chevrolet, Inc., a Colorado corporation, and Burt Toyota, Inc., a Colorado corporation, Defendant-Appellee.**

No. 84CA0999.

Colorado Court of Appeals,
Div. I.

Oct. 24, 1985.

Rehearing Denied Nov. 21, 1985.

Certiorari Denied Jan. 13, 1986.

Miller & Leher, Martin P. Miller, J. Matthew DePetro, Littleton, for plaintiff-appellant.

McGloin, Davenport & Severson, P.C., Fotios M. Burtzos, Gary C. Davenport, Denver, for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Leisure, Inc. (tenant), appeals from the summary judgment entered in favor of defendant, Burt Development Company (landlord). We dismiss the appeal.

On December 4, 1981, tenant commenced this action in the district court seeking specific performance of the renewal provisions of its lease which was to terminate on December 7, 1981. On December 8, 1981, landlord filed a forcible entry and detainer action in county court which was later consolidated with tenant's action.

Thereafter, landlord moved for summary judgment on the ground that no genuine issue of material fact existed as to whether tenant had timely exercised the renewal provision of the lease and that, therefore, landlord was entitled to judgment as a matter of law. The trial court granted the motion, awarding possession of the leased premises to landlord.

Following entry of the judgment, tenant filed a motion for stay upon appeal pursuant to C.R.C.P. 62(d). In granting the motion, the trial court ordered tenant to file a supersedeas bond in the amount of past due rent and the amount of the fair market rental value of the leased premises during the pendency of the appeal. Contending that the supersedeas bond does not satisfy the requirements of §§ 13–40–117 and 13–40–120, C.R.S., landlord asserts that this court is without jurisdiction to entertain tenant's appeal. We agree.

In order to secure appellate review of judgments rendered by district courts in forcible entry and detainer actions commenced prior to July 1, 1984, the statutory scheme requires the filing of two undertakings. Sections 13–40–117 and 13–40–120, C.R.S.; *Morgan v. District Court,* 192 Colo. 418, 559 P.2d 712 (1977). The purpose of the undertaking required by § 13–40–117, C.R.S., is to assure payment of "all

costs which have accrued, or may thereafter accrue and all damages which [landlord] may have sustained or may thereafter sustain" as a result of the tenant's wrongful detention. The purpose of the undertaking required by § 13–40–120, C.R.S., is to secure payment to the landlord of "all sums as may be awarded" for the "use and occupation of the premises pending such appeal ...."

Because the supersedeas bond here was only for the amount of past due and reasonable future rent as required by § 13–40–120, C.R.S., it was insufficient to cover all potential costs and damages as required by § 13–40–117, C.R.S. *See General American Industries, Inc. v. County Court*, 136 Colo. 86, 316 P.2d 565 (1957). Thus, tenant did not perfect his appeal by filing the required undertaking, and this court is without jurisdiction. *See Francam Building Corp. v. Fail*, 687 P.2d 991 (Colo.App.1984).

Landlord has requested in its answer brief the imposition of sanctions pursuant to C.A.R. 38. As to the jurisdictional issue, tenant asserted in its reply brief the following:

"On September 20, 1984, the trial court issued its Findings of Fact, Conclusions of Law, and Order which granted Defendant's Motion for Summary Judgment. Subsequent to the issuance of the aforementioned Order, Defendant has failed to prosecute its Counterclaim against Plaintiff which is based upon Colorado's Forcible Entry and Detainer statute. C.R.S., § 13–40–101, *et seq.* To date, the trial court has not set Defendant's Counterclaim for trial, nor has judgment been entered against Plaintiff for damages or restitution under Colorado's Forcible Entry and Detainer statute. Sections 13–40–117, 13–40–118, and 13–40–120, clearly require a judgment before an aggrieved party can pursue any relief afforded them by the aforementioned statutes.

"Defendant has voluntarily and knowingly neglected to pursue their [sic] claims for relief against Plaintiff. In fact, Defendant has obtained no relief in the District Court which would amount to a final appealable action. Yet, Defendant requests that Plaintiff be denied its right to an appeal based upon its alleged failure to comply with certain statutory requirements. *Such arguments would be with merit if a judgment had been entered against Plaintiff. Yet, the trial court has never entered judgment on Defendant's Counterclaim. Plaintiff is not required to do anything under Sections 13–40–117, 13–40–118, and 13–40–120 until such time as Defendant has properly pursued its claims for relief.*" (emphasis added)

Contrary to tenant's assertion, landlord's motion for summary judgment requests the trial court "to enter summary judgment in its favor, by dismissing Plaintiff's Complaint, *and granting the relief requested by Defendant in its Counterclaim.*" (emphasis added) The summary judgment provides in pertinent part that: "Defendant Burt Development Co.'s Motion for Summary Judgment is hereby granted, and Defendant Burt Development Co. *is hereby awarded possession of the premises* located at 5470 South Broadway, Englewood, Colorado." (emphasis added)

Tenant acknowledged that this court would lack jurisdiction if judgment had been entered against it on landlord's counterclaim. Because judgment was clearly entered against tenant pursuant to §§ 13–40–101, et seq, C.R.S., we conclude that this appeal is frivolous and is being prosecuted for the sole purpose of harassment and delay. *See Mission Denver Co. v. Pierson*, 674 P.2d 363 (Colo.1984). Accordingly, landlord's request for sanctions pursuant to C.A.R. 38 is granted, and damages are awarded to landlord in the sum of $2,000 and double costs.

Appeal dismissed.

PIERCE and KELLY, JJ., concur.