No. 18,703.

MORRIS G. BRISTOL *v.* COUNTY COURT OF LARIMER
COUNTY, ET AL.
(352 P. [2d] 785)

Decided June 6, 1960.

MR. HAROLD C. GREAGER, for plaintiff in error.

Mr. CHESTER A. BENNETT, for defendants in error.

*In Department.*

PER CURIAM.

DEFENDANT in error, Credit Equipment Corporation, was plaintiff and plaintiff in error was defendant in an action in the county court of Larimer county. They will be referred to as they appeared in the county court.

Plaintiff, a New York Corporation, brought suit against defendant on three promissory notes totaling $911.35. The notes had been executed by defendant, payable to one other than plaintiff, but plaintiff claimed

to be a holder thereof in due course. Defendant joined issue, claiming that the notes were procured by fraud and that plaintiff was not a holder in due course.

After the case was at issue, on January 7, 1957, defendant gave notice to plaintiff's attorney of intent to take the deposition of "the persons who were president and treasurer of (plaintiff) during the period June 16, 1955, to June 22, 1956." No person, other than plaintiff's attorney, appeared at the time and place designated. Defendant then moved the court to dismiss plaintiff's action for failure of plaintiff's officers and managing agents to appear for examination. The court denied the motion on grounds the notice was not clear as to whether the depositions were to be taken of parties or of witnesses.

A new notice to take the deposition of specifically named officers of plaintiff was served and again none of those named appeared. Defendant moved to require attendance, or, in the alternative, to dismiss the complaint. This motion the court overruled and ordered the cause to proceed to trial as already set.

The day before the scheduled trial, defendant commenced a proceeding in the district court of Larimer county seeking prohibition against further proceedings in the county court, alleging that that court had abused its discretion in refusing to require plaintiff's officers to appear for deposition, or in the alternative, to dismiss the complaint. The district court issued citation to the judge of the county court and to the plaintiff, to show cause, and stayed further proceedings in the county court.

At the hearing before the district court the respondent, county court, defended its ruling on the basis of lack of showing by defendant of adequate cause or necessity of putting plaintiff to the inconvenience and expense of bringing its officers from New York to Fort Collins for deposition; the plaintiff corporation contended other means of discovery were available and adequate and that

defendant's motion was frivolous and intended to annoy and harrass plaintiff.

After hearing the court discharged the rule, holding that the county court had not abused its discretion and that the proceedings in the district court amounted to an attempt to review orders of the county court rather than to show an abuse of discretion. The cause was ordered returned to the county court for further proceedings. Defendant is here by writ of error to review that judgment.

The sole question to be determined is: Did the record presented in the district court show defendant to be entitled to a writ of prohibition overruling the denial of his motion by the county court?

Rule 106 (a) (4) R.C.P. Colo., permits the use of a Writ of Prohibition:

"Where an inferior tribunal * * * exercising * * * judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy."

■ Defendant, seeking to invoke this remedy, had the burden of establishing facts which would justify its application. The trial court, in discharging the Rule and remanding the case to the county court for further proceedings, said:

" * * * mere disagreement with the ruling (of the County Court in denying motion) is not sufficient showing of abuse of discretion to require issuance of a Writ of Prohibition; * * * this proceeding amounts to an attempted review of the order of the County Court instead of a showing of an abuse of discretion * * * "

On the basis of the record presented here we agree that no sufficient showing was made to justify the use of prohibition and the district court properly discharged the Rule.

The judgment is affirmed.

MR. JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.