MR. JUSTICE LEE
delivered the opinion of the Court.
This is an original proceeding in which petitioner, Emmett H. Morgan, seeks to prohibit respondent district court from proceeding further in civil action No. 92773, other than to dismiss the action. We issued our rule to show cause why the relief prayed for should not be granted, and we now make the rule absolute.
Petitioner brought a forcible entry and detainer action in El Paso County Court against defendants, Stuart and Barbara Peretsky, doing business as Quibble Shop. On June 25, 1976, the. county court entered judgment for petitioner for unpaid rent and costs, and for possession of the subject property.
On June 29, 1976, at the request of defendants, the county court entered an ex parte order relating to an appeal bond, directing that defendants post $1,000 bond “to cover the judgment rendered, rent as it comes due and costs of appeal if Defendants do not prevail.” The same day, defendants delivered a $1,000 cashier’s check to the county court.
Defendants filed their notice of appeal in respondent district court on June 30, 1976. On July 7, 1976, petitioner moved to dismiss the appeal, asserting that respondent court lacked jurisdiction because defendants had failed to execute and file in county court the undertakings required by sections 13-40-117(1) and 13-40-120, C.R.S. 1973. Respondent court denied petitioner’s motion and this proceeding followed.
Sections 13-40-117(1) and 13-40-120 govern appeals from judgments in forcible entry and detainer actions. Section 13-40-117(1) provides:
“* * * No such appeal by a defendant shall stay proceedings on the judgment, unless the appellant within forty-eight hours, Sundays excepted, after judgment executes and files with the county court his undertaking to plaintiff, with a corporate surety or one or more sufficient private sureties, to be approved by the court, to the effect that the appellant will pay all costs which have accrued, or may thereafter accrue and all damages which plaintiff may have sustained or may thereafter sustain in consequence of the wrongful detention of the premises in question during the *420 pendency of such appeal.” (Emphasis added.)
Section 13-40-120 provides:
“* * * In all other cases where judgment is rendered for the possession of the premises, the party appealing from such judgment, in addition to the undertaking mentioned in this section, shall make and file an additional undertaking with sufficient sureties to be approved by the court in such sum as may be fixed by such court conditioned for the payment to the plaintiff of all sums that may be awarded to the plaintiff for the use and occupation of the premises pending such appeal, either in said action or in any other action thereafter instituted by the plaintiff against the defendant during the pendency of the appeal.” (Emphasis added.)
The plain language of section 13-40-120 clearly requires an undertaking in addition to the undertaking required by section 13-40-117(1). This was the construction of the predecessor statutes which were substantially the same, and this court has consistently adhered to this interpretation.
In General Industries v. Co. Court, 136 Colo. 86, 316 P.2d 565, this court in reviewing the history of the forcible entry and detainer statutes, and the operation of the appellate provisions therein, pointed out that the failure to file the two undertakings as statutorily mandated was fatal to an appeal. Thus, an appellate court, absent the required undertakings, can acquire no jurisdiction to act on the appeal, other than to order a dismissal for want of jurisdiction to hear and determine the controversy. Smith v. Schreiber, 93 Colo. 497, 27 P.2d 491; Lamon v. Zamp, 82 Colo. 294, 259 P. 1041; Erbaugh v. Fields, 77 Colo. 254, 235 P. 568; Getty v. Miller, 10 Colo.App. 331, 51 P. 166. A departure from this “firmly entrenched construction of the law” will only lead to confusion in the proper application of the statute in similar actions. General Industries v. Co. Court, supra.
In the present case, the county court was without authority to substitute the $1,000 bond for the statutorily required undertakings and, thus, the filing of that bond could not serve to perfect the appeal. Strict compliance with the statutory requirements is mandated. Erbaugh v. Fields, supra.
Accordingly, the respondent district court erred in denying petitioner’s motion to dismiss the appeal for failure to comply with the statute.
The rule is made absolute.
MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE GROVES and MR. JUSTICE CARRIGAN dissent.