Quinton R. MAXWELL and Margaret V. Maxwell, Petitioners,

v.

DISTRICT COURT In and For the COUNTY OF ARAPAHOE, STATE OF COLORADO, EIGHTEENTH JUDICIAL DISTRICT, and the Honorable Charles A. Friedman, Respondents.

No. 81SA380.

Supreme Court of Colorado, En Banc.

Feb. 1, 1982.

---

Richard D. Gilson, Denver, for petitioners.

Quiat Dice & Associates, Judith Ward Mattox, Denver, for respondents.

ROVIRA, Justice.

This is an original proceeding, pursuant to C.A.R. 21, contesting the district court's jurisdiction to have a hearing on the issue of possession in an unlawful detainer action, to issue a writ of restitution, and to require a bond in the amount of $250,000. We issued a rule to show cause and now discharge the rule.

## I.

The petitioners entered into a series of real estate transactions with Don Hovde which they claim were based on fraud and misrepresentation. As a result of these transactions, they gave Hovde a promissory note for $85,000 secured by a second deed of trust on their home located on South Telluride Street. The note and deed of trust were subsequently assigned to Andrew L. Quiat, Gerald M. Quiat, and Sheldon Steinhauser (Quiat).

In December 1980, the note went into default, and Quiat filed a Notice of Election and Demand with the Public Trustee of Arapahoe County. An order authorizing sale of the South Telluride property was issued on February 13, 1981, by the district court; and on March 18, 1981, the public trustee held a foreclosure sale at which Quiat was the successful bidder. A certificate of purchase was issued, and the seventy-five-day redemption period allowed petitioners began to run. *See* section 38–39–102(1), C.R.S.1973 (1981 Supp.).

Prior to the expiration of the redemption period, the petitioners filed a complaint in the Arapahoe County district court against Hovde, Quiat, the public trustee, and others, alleging fraud and misrepresentation (A81CV405). On June 1, 1981, they requested the district court to issue a temporary restraining order to enjoin the foreclosure proceedings, but this relief was denied. The petitioners' statutory time to redeem expired on June 2, 1981.

On July 16, 1981, Quiat received a public trustee's deed to the South Telluride property[1] and twelve days later served a notice to quit and vacate, along with a summons and complaint for unlawful detention on petitioners.[2] The complaint alleged ownership and the right to possession in Quiat by virtue of the public trustee's deed, demand for possession, petitioners' failure to vacate, and damages resulting from the petitioners' wrongful possession. The summons required the petitioners to "appear before the District Court . . . on the 5th day of August 1981 . . . to answer the complaint of Plaintiffs . . . that you, the said Defendants are unlawfully in possession of the following described premises . . . ."

---

1. Quiat alleges that the delay in receiving the public trustee's deed was caused by petitioners' giving seven promissory notes secured by deeds of trust to various entities in the latter part of May 1981. The largest note was for $200, and the total amount was $1,000. The petitioners do not deny these allegations.

2. Sections 13–40–104(1)(f) and 13–40–107, C.R.S.1973 (1981 Supp.).

On August 5, the parties, along with counsel, appeared in court, and the petitioners filed an answer and counterclaim. They denied the material allegations of the complaint and raised certain affirmative defenses. Their counterclaim consisted of incorporating by reference the complaint filed in Civil Action A81CV405. The trial judge to whom this case was assigned recused himself, and the case was assigned to the respondent trial court. A trial date was set for August 13, 1981.

At the commencement of the August 13 proceeding, petitioners moved to join Big D Service Co. The motion was denied.[3] They also argued that they were not prepared for trial and requested that a trial date be set at some future time.

The respondent court ordered the trial to go forward. After hearing testimony and receiving in evidence certain exhibits, the court found that: the public trustee's deed was "prima facie evidence of compliance with all the statutory requirements for the sale and the execution of the Deed and all matters contained in such Deed"; the petitioners were unlawfully holding the South Telluride property; and the petitioners had been given adequate and legal notice. It then ordered the petitioners to vacate and quit the premises on South Telluride Street and ordered that a writ of restitution enter on August 18, 1981.

The petitioners requested a stay of judgment and the setting of a bond pending appeal. The court ordered a $250 cost bond and a $250,000 supersedeas bond.

On August 31, a hearing was held on the petitioners' motion to reduce bond and join an additional party. Both of these motions were denied, and the respondent court ordered a writ of restitution to issue forthwith. In reaffirming its order setting the

amount of the supersedeas bond, the court stated that it "represents potential losses which the Plaintiffs could be reasonably expected to incur should the matter proceed on appeal."

## II.

The petitioners first claim that the respondent court exceeded its jurisdiction by "having a hearing on the matter of possession on the return and answer day of the summons in an unlawful detainer action."

This argument is without merit. Section 13–40–111, C.R.S.1973 (1981 Supp.), provides, *inter alia*, that:

"Upon filing the complaint as provided in section 13–40–110, the clerk of the court shall issue a summons as in other cases; except that it shall command the defendant to appear before the court at a place named in such summons and at a time and on a day which shall be not less than five days nor more than ten days from the day of issuing the same to answer the complaint of plaintiff."

In this case, the complaint was filed on July 27, 1981. The clerk of the court issued a summons commanding the petitioners to appear before the court on August 5, 1981, for the purpose of answering the complaint. The petitioners appeared and filed their answer on that date. It is thus clear that the proceeding held on August 13, 1981, was not for the purpose of answering the complaint.

The matter was set for trial on August 13. Accordingly, counsel for Quiat sent the petitioners a Notice of Trial. Petitioners were further advised that if the trial date was unsatisfactory, they would have to request a continuance. No continuance was requested prior to the trial date. Therefore, the court did not exceed its jur-

---

3. Quiat alleges, and the petitioners do not deny, that: the petitioners own 99% of the stock of the Big D Service Co.; this corporation obtained a deed of trust on the property by assignment from Mortgage Consultants Company and, on the same day, filed bankruptcy proceedings in the bankruptcy court. Mortgage Consultants Company received its deed of trust on the property on May 26, 1981, just prior to the running of petitioners' redemption period, *see* note 1, *supra*; the petitioners' attorney is the agent for service of Mortgage Consultants Company; and the bankruptcy court found that the deed of trust was granted to Mortgage Consultants Company for the sole purpose of thwarting and frustrating the foreclosure action in the state court.

isdiction by deciding the unlawful detainer issue on the trial date. Section 13–40–115(2), C.R.S.1973.

### III.

The petitioners next argue that the trial court exceeded its jurisdiction by entering an order for possession prior to hearing and deciding the merits of the issue of title. We disagree.

As we have already noted, August 13 was set as the trial date. At that time, the court was empowered to hold a hearing and award possession of the property. Section 13–40–115(2), C.R.S.1973. The petitioners and Quiat appeared on the trial date, gave testimony, and entered several exhibits into evidence. Based upon the evidence taken at this hearing, the court found that the petitioners were unlawfully holding the premises and the deed obtained by Quiat from the public trustee constituted prima facie evidence of compliance with all statutory requirements.

The petitioners have cited no authority and have presented no arguments to convince this court that the August 13, 1981, hearing did not comply with the requirements of section 115(2). Furthermore, they have pointed to no irregularities in that proceeding. Therefore, based upon the limited record before us,[4] we conclude that the trial court had jurisdiction to order that possession of the premises be given to Quiat.

### IV.

The petitioners next argue that the district court exceeded its jurisdiction by requiring a bond in the amount of $250,000. They argue that the bond was excessive and contend that bond should be set covering only the difference between the reasonable rental value, $2,000 per month, and the payment on the first deed of trust, $1,300 per month, because Quiat can only sustain damages in that amount during the pendency of further action. We disagree.

Section 13–40–120, C.R.S.1973, provides that a party appealing a judgment of the district court awarding possession of the premises must file an undertaking "conditioned for the payment . . . of all sums that may be awarded . . . for the use and occupation of the premises pending such appeal . . . ." In addition, section 120 requires a further undertaking, the condition of which is the same as required in cases of appeal from the county court pursuant to section 13–40–117, C.R.S.1973. Thus, the conditions set forth in section 117 are incorporated by section 120. *See Morgan v. District Court*, 192 Colo. 418, 559 P.2d 712 (1977). Under section 117, the appealing party must file an undertaking to the effect that he will pay "all costs which have accrued, or may thereafter accrue, and all damages which plaintiff may have sustained or may thereafter sustain in consequence of the wrongful detention of the premises in question during the pendency of such appeal."

In this original proceeding, the petitioners have the burden of establishing facts that show that the trial court exceeded its jurisdiction or abused its discretion in setting bond. *See Bristol v. County Court*, 143 Colo. 306, 352 P.2d 785 (1960). The order of the trial court denying the petitioners' motion to reduce bond stated that the bond "represents potential losses which [Quiat] could be reasonably expected to incur should this matter proceed on appeal." Thus, it appears that the court's determination was within the scope of sections 117 and 120. In the absence of any showing that the trial court exceeded its jurisdiction or abused its discretion, we must conclude that the petitioners have failed to meet their burden.

Accordingly, the rule to show cause is discharged.

---

4. In this original proceeding, we have a copy of the minute order and a copy of the order of the court. We do not have a transcript of the August 13, 1981, hearing.